IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES F. DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-185 |
| | ) | |
| NATHAN BROOKS, | ) | |
| | ) | |
| Respondent. | ) | |

_____
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at Telfair State Prison in Helena, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.  BACKGROUND**

Petitioner states he was convicted on March 6, 2018, of aggravated assault, possession of a firearm during commission of a crime, and influence of a witness in the Superior Court of Richmond County, Georgia and received a thirty-year sentence. (Doc. no. 1, p. 1.) Plaintiff alleges he filed a motion for new trial in Richmond County Superior Court on March 28, 2018, and a hearing date was set for June 1, 2018. (Id. at 3.) According to Petitioner, the motion for new trial resulted in "state corrective process defaulted" on June 29, 2018. (Id.) Petitioner states he did not seek further review of his conviction by a higher court, state habeas corpus relief, or file a petition for certiorari in the United States Supreme

Court. (Id. at 2-3.) Petitioner signed the instant federal petition on October 16, 2018, claiming: (1) trial counsel rendered ineffective assistance counsel by failing to file a motion to suppress; (2) Investigator April M. Cody knowingly and intentionally made false statements on Petitioner's arrest warrant to illegally restrain him in violation of his due process rights; (3) pre-trial counsel rendered ineffective assistance of counsel by failing to bring a meritorious Fourth Amendment claim; and (4) Judge Annis defaulted his motion for new trial at state court in violation of Petitioner's Fourteenth and Fifth amendment rights. (Id. at 5-10.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005). However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause

for the petitioner's failure to exhaust his claims first in state court. Id. at 277. Petitioner has not presented any exhausted claims in the present petition, and therefore, the stay and abeyance procedure is inapplicable.

### B. Petitioner Failed to Exhaust State Remedies

Only in rare circumstances may a federal habeas court deviate from the exhaustion requirement, such as in cases where the delay in the state courts is unreasonable or otherwise unjustified. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to

---

[1] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

The trial court has not yet ruled on Petitioner's motion for a new trial, which is only approximately five months old. Nor has Petitioner filed a direct appeal or a habeas petition in the state courts. As described above, the state courts must be given an opportunity to consider Petitioner's claims. There is no indication of unreasonable delay or a refusal to address a claim such that this Court should disregard the exhaustion requirement. Exhaustion will allow for factual development of the ineffective assistance claims and provide the state courts the first opportunity to correct any alleged constitutional violations. In sum, Petitioner has not exhausted by giving the state courts "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of November, 2018, at Augusta, Georgia.

                                    _____
                                    BRIAN K. EPPS
                                    UNITED STATES MAGISTRATE JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA