IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| CHARLES F. DAVIS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | CV 118-185 |
| NATHAN BROOKS, | ) |  |
| Respondent. | ) |  |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 8.) Petitioner provides no information to change the Magistrate Judge's finding that the petition, filed pursuant to 28 U.S.C. § 2254, is due to be dismissed because Petitioner has not exhausted all of his claims in state court. His objections raise an argument that warrants discussion.

Citing O.C.G.A. § 15-6-21, Petitioner contends the Richmond County Superior Court Judge should have ruled on his motion for a new trial within ninety days of the March 28, 2018 filing date because Richmond County has more than 100,000 residents. (Id. at 1.) Petitioner contends his due process rights have been violated by this statutory violation, and the state appellate and habeas courts would not hear his case if presented with it because it is premature. (Id. at 1-3.) However, a violation of § 15-6-21 does not excuse a habeas petitioner from the exhaustion requirement. Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006). "Where a judge has not issued a ruling within the period authorized by

[§ 15-6-21], 'the only remedies for violation of the statute are mandamus and impeachment of the judge.'" Id. (quoting Brooks v. State, 458 S.E.2d 349, 352 (1995)).

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DISMISSES** this petition filed pursuant to 28 U.S.C. § 2254 without prejudice for failure to exhaust.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 12th day of December, 2018, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2